# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DORIS LANE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 11-cv-2088-RWT |
| **PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On August 1, 2011, Plaintiff Doris Lane, a former English teacher in Prince George's County, filed a Complaint against Defendant Prince George's County Public Schools ("School Board"). ECF No. 1. Lane's Complaint includes a single Count, in which she claims that the School Board violated the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12111, *et seq.*, by failing to accommodate a medical condition affecting her bladder, which caused her to use the restroom several times an hour. Compl. ¶¶ 8, 9, 19, ECF No. 1. After the parties conducted discovery, the School Board filed a Motion for Summary Judgment, ECF No. 35, in which it argues that Lane's action is time-barred and that Lane cannot state a prima facie case against the School Board for failure to accommodate her medical condition.

## FACTS

Doris Lane is a resident of Clinton, Maryland, in Prince George's County. Compl. ¶ 1, ECF No. 1. Lane began working for Prince George's County Public Schools in 1998. *Id.* ¶ 1. She worked as an English teacher at Gwynn Park High School until she retired on July 1, 2010. Lane Dep. 30:15-31:10, Sept. 25, 2012, ECF No. 35-2.

Prior to her employment with the School Board, Lane developed a cyst in her bladder, which caused her to "use the restroom several times an hour." Compl. ¶ 8, ECF No. 1. From 1998 to 2007, the School Board "accommodated her condition by sending an aide to her classroom every time she needed to use the restroom." *Id.* ¶ 9.

In October of 2008, Lane was diagnosed with a benign submucosal lymphoid and cystitis, which she believes was caused "by not being able to go to the bathroom." Lane Dep. 75:2-76:10, 89:13-90:5, ECF No. 35-2. When Lane needed to use the restroom while she was teaching a class, she would call one of her colleagues who was on break or did not have a class at that time, and her colleague would watch her class while she went to the restroom. *Id.* 94:5-18. Lane testified that this "helped" her when she needed to use a restroom during class. *Id.* 94:19-95:1.

In 2007, Lane began to report to a new principal, Carletta Marrow. Compl. ¶ 10, ECF No. 1. Lane alleges that in November of 2008, she requested that Principal Marrow provide her with her "previous accommodation"—having an aide sent to her classroom every time she needed to use the restroom—but Principal Marrow allegedly "did not grant Ms. Lane the accommodation for her medical condition and did not give an explanation for her decision." *Id.* ¶¶ 11-12.

Beginning in September of 2008, Lane took various forms of sick leave, including twelve weeks of leave pursuant to the Family Medical Leave Act, from September 29, 2008, though December 22, 2008. Letter from Doris Lane to Principal Carletta Marrow (Sept. 26, 2008), ECF No. 35-3; Letter from Kimberly Loving, Absence Management Specialist, Prince George's County Public Schools, to Doris Lane (Oct. 10, 2008), ECF No. 35-4. The School Board also approved her request for a "Personal Illness Leave of Absence" from December 23, 2008,

through June 10, 2009. *Id.* On October 7, 2008, Lane's doctor instructed her to take leave from work or retire in light of her medical condition. Lane Dep. 96:3-19, ECF No. 35-2. Lane remained on sick leave until she retired on July 1, 2010. *Id.* 98:6-14; Doris Lane, Sick Leave Bank Request Form (Mar. 2, 2009), ECF No. 35-5.

On April 4, 2011, Lane filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), claiming that the School Board discriminated against her on account of her disability by failing to accommodating her. Compl. ¶ 17, ECF No. 1; Doris Lane, EEOC Charge of Discrimination (Apr. 4, 2011), ECF No. 35-6.

## **PROCEDURAL HISTORY**

Lane filed her Complaint on August 1, 2011. ECF No. 1. On October 7, 2011, the School Board filed a Motion to Dismiss. ECF No. 10. On October 12, 2011, Lane's attorney filed a Motion to Withdraw Appearance, ECF No. 11, which the Court granted on December 7, 2011. Since December 7, 2011, Lane has litigated this matter *pro se*.

On January 4, 2012, Lane filed a Response to the School Board's Motion to Dismiss. ECF No. 15. On May 23, 2012, the Court issued an Order granting-in-part and denying-in-part the School Board's Motion to Dismiss, finding that the School Board is immune from suit under Title I of the ADA pursuant to the Eleventh Amendment for call claims in excess of $100,000, but that the School Board is not protected by sovereign immunity for claims of $100,000 or less. ECF No. 1; *see* Md. Code Ann., Cts. & Jud. Proc. § 5-518(c) ("A county board of education may not raise the defense of sovereign immunity to any claim of $100,000 or less.").

On June 11, 2012, the School Board filed an Answer to Lane's Complaint, ECF No. 19, followed by an Amended Answer on June 29, 2012. ECF No. 24. On September 14, 2012, the

School Board filed a Motion to Compel Deposition of Doris Lane, ECF No. 28, which Magistrate Judge Charles B. Day granted-in-part and denied-in-part. ECF No. 29.

The School Board filed a Status Report On October 25, 2012, indicating that discovery had been completed and that it intended to file a motion for summary judgment. ECF No. 30. The School Board filed a Motion for Summary Judgment on December 3, 2012. ECF No. 35. On December 19, 2012, Lane filed a Response to the School Board's Motion for Summary Judgment, ECF No. 37, and the School Board filed a Reply on January 7, 2013. ECF No. 38. Lane filed a Supplemental Response on February 1, 2013. ECF No. 39. On February 27, 2013, the School Board filed a Motion to Strike Plaintiff's Surreply to Defendant's Motion for Summary Judgment, ECF No. 40, and Lane filed an Opposition to this Motion on March 8, 2013. ECF No. 41.

## **STANDARD OF REVIEW**

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which states that a court "shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248-49.

## ANALYSIS

I.    **Statute of Limitations**

Lane's Complaint includes a single Count against the School Board for "Disability Discrimination" brought pursuant to the ADA. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination "against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Id.* § 12112(b)(5)(A). Lane appears to claim that the School Board failed to make a reasonable accommodation for her medical condition when Principal Marrow did not grant her request in November of 2008 to have an aide come to Lane's classroom every time she needed to use the restroom. Compl. ¶¶ 9-12, ECF No. 1.

The ADA adopts procedural requirements from Title VII of the Civil Rights Act of 1964, including the requirement that a plaintiff file a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a); *see Prelich v. Medical Resources, Inc.*, 813 F. Supp. 2d 654, 661 (D. Md. 2011) ("A plaintiff filing suit under either Title VII or the ADA must first timely file a charge of discrimination with the EEOC or a state fair employment practices agency."). A "plaintiff must file an administrative charge with the EEOC within 180 days of the alleged misconduct." *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). In a deferral state like

Maryland, however, "a complainant has 300 days in which to file a charge of discrimination under . . . the ADA." *Prelich*, 813 F. Supp. 2d at 662.

Lane filed her Charge of Discrimination with the EEOC on April 4, 2011. Compl. ¶ 17, ECF No. 1; Doris Lane, EEOC Charge of Discrimination (Apr. 4, 2011), ECF No. 35-6. The misconduct by the School Board upon which Lane's Charge is based must have occurred within 300 days of April 4, 2011, which calculates to on or after June 8, 2010. The misconduct central to Lane's claim in this case, however, is the School Board's alleged failure to provide her with an accommodation she requested in November of 2008. Lane's accommodation request occurred well before the 300-day limitations period. Lane's last day of active employment also occurred before the limitations period, as she took leave from September of 2008 until her retirement on July 1, 2010. Letter from Doris Lane to Principal Carletta Marrow (Sept. 26, 2008), ECF No. 35-3; Letter from Kimberly Loving, Absence Management Specialist, Prince George's County Public Schools, to Doris Lane (Oct. 10, 2008), ECF No. 35-4. Lane's claim that the School Board failed to accommodate her medical condition is barred by the ADA's statute of limitations, because all material events occurred more than 300 days before she filed her Charge of Discrimination with the EEOC.

II. **Prima Facie Claim for Failure to Accommodate**

Even if Lane's action were not time-barred, her discrimination claim would still fail because she is not a "qualified individual" under the ADA, and therefore she cannot state a prima facie case against the School Board for failure to accommodate. To establish a prima facie case for failure to accommodate under the ADA, a plaintiff must show (1) that she was an individual who had a disability within the meaning of the ADA; (2) that the employer had notice of her disability; (3) that with reasonable accommodation she could perform the essential functions of

her position; and (4) that the employer refused to make such an accommodations. *Wilson v. Dollar General Corp.*, 717 F.3d 337, 345 (4th Cir. 2013). The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Here, Lane's action fails because she cannot show that she was a "qualified individual" in November of 2008 when she allegedly submitted a request to Principal Marrow for an accommodation. To establish that she was a "qualified individual," Lane must show that she "could have performed the essential functions of [her] position." *Wilson*, 717 F.3d at 345. Lane cannot show that she could have performed the essential functions of her position, because the facts demonstrate that she was unable to work at all. In September of 2008, Lane had already started taking extended leave including twelve weeks of leave pursuant to the Family Medical Leave Act, from September 29, 2008, though December 22, 2008, and a "Personal Illness Leave of Absence" from December 23, 2008, through June 10, 2009. Letter from Doris Lane to Principal Carletta Marrow (Sept. 26, 2008), ECF No. 35-3; Letter from Kimberly Loving, Absence Management Specialist, Prince George's County Public Schools, to Doris Lane (Oct. 10, 2008), ECF No. 35-4.

Further, on October 7, 2008, Lane's doctor instructed her to take leave from work or retire in light of her medical condition. Lane Dep. 96:3-19, ECF No. 35-2. Lane remained on sick leave until she retired on July 1, 2010. *Id.* 98:6-14; Doris Lane, Sick Leave Bank Request Form (Mar. 2, 2009), ECF No. 35-5. These facts establish that Lane was unable to perform the essential functions of her job as a teacher when she requested an accommodation in November of 2008; two months after she commenced leave from work which would last until her retirement,

and one month after her doctor informed her that she should either take leave or retire. "It is well-settled that an individual who has not been released to work by his or her doctor is not a 'qualified individual with a disability.'" *Kitchen v. Summers Continuous Care Center, LLC*, 552 F. Supp. 2d 589, 594 (S.D. W. Va. 2008). Lane was unable to work as a teacher when she made her request for an accommodation, and therefore she was not a "qualified individual" and cannot assert a prima facie claim for failure to accommodate under the ADA. *See Tyndall v. National Education Centers, Inc. of California*, 31 F.3d 209, 213 (4th Cir. 1994) ("An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA."); *Waggoner v. Olin Corp.*, 169 F.3d 481, 482 (7th Cir. 1999) ("The rather common-sense idea is that if one is not able to be at work, one cannot be a qualified individual."). Consequently, Lane's claim fails as a matter of law.

## **CONCLUSION**

In sum, Lane's claim for disability discrimination fails for two independently sufficient reasons. First, her claim is time-barred by the ADA's statute of limitations. Second, even if her claim were not time-barred, she is unable to assert a prima facie claim against the School Board for failure to accommodate, because she was not a "qualified individual" at the time she made her request for an accommodation. Accordingly, the Court will grant the School Board's Motion for Summary Judgment [ECF No. 35], and deny as moot the School Board's Motion to Strike Plaintiff's Surreply to Defendant's Motion for Summary Judgment [ECF No. 40]. A separate Order follows.

Date: <u>August 26, 2013</u>                               /s/
                     ROGER W. TITUS
                UNITED STATES DISTRICT JUDGE